IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Laika, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 25 C 10829 |
| | ) | |
| | ) | |
| The Partnerships and | ) | |
| Unincorporated Associations | ) | |
| Identified on Schedule A, | ) | |
| | ) | |
| Defendants. | ) | |

### Memorandum Opinion and Order

Plaintiff Laika, LLC, a stop-motion studio and toy manufacturer, has sued the hundreds of defendants in Schedule A of the complaint for copyright infringement and related claims. Before me is a motion to dismiss filed by defendants Dream Poster Gallery, First Choice Poster, Home of Posters, NB Poster, Personalized Decorative Painting, This Beautiful Poster, This Wonderful Poster, Very Beautiful Poster, Yangguan Poster, Cartoon Posters Local, Chic Poster, Six Six Six Poster, SKT Poster, and Voguish Poster (the "moving defendants"). For the reasons that follow, I deny that motion.

1

Laika produces stop-motion movies like *Coraline* and also manufactures and markets toys and other products based on their films. The studio has alleged that some 961 defendants have been engaged in the counterfeit manufacture and sale of products infringing its copyrights and trademarks, specifically those relating to *Coraline* and its characters. Nearly all of those defendants have been either voluntarily dismissed or have defaulted, but fourteen of them, the moving defendants, have appeared and together moved for dismissal on the basis of misjoinder.

Rule 20(a)(2) allows joinder of defendants if the causes of action against them "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences" and if "any question of law or fact common to all defendants will arise in the action." Rule 21, which governs misjoinder, holds that, "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." But the rule also states that "[m]isjoinder is not a ground for dismissing an action." Likewise, "dismissal for misjoinder is inappropriate if it will prejudice the plaintiff." *Roadget Business Pte. Ltd. v. Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto*, 2024 WL 3338942, at *1, *6 (N.D.

2

Ill. July 9, 2024) (citing *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)).

Dismissal as a remedy here is inappropriate. Rule 21 militates against it, as does *Elmore*'s command to avoid "gratuitous harm" to the plaintiff. 227 F.3d at 1012. I have already entered a temporary restraining order against all defendants, including the moving defendants, and if I dismiss as to the moving defendants, the preliminary injunction now in place would be lifted. I found that Laika had a likelihood of success on the merits at the TRO stage, and allowing the injunction to dissolve could inflict gratuitous harm on Laika, which I am constrained to avoid. *Id.*

The moving defendants have asked in the alternative that I sever their cases and that, at least, is something I can consider. The question then becomes, under Rule 20, whether Laika's claims against the moving defendants "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences" and if "any question of law or fact common to all defendants will arise in the action."

The main thrust of the moving defendants' argument is that Laika has failed to allege that they are related to one another. While they are all alleged to have been marketing *Coraline*-related products through online retailer Temu, they maintain that "[e]ach defendant's alleged sale of a product on its own storefront

3

involves distinct transactions, suppliers, customers, and corporate records. Proving or disproving infringement will require individualized evidence unique to each defendant, including separate account records, product listings, invoices, and communications," meaning that any claims against them cannot have arisen "out of the same transaction, occurrence, or series of transactions or occurrences." ECF 79 at 5. The moving defendants do not make argument as to the other Rule 20 consideration, common questions of law. The moving defendants also more or less conclusorily assert that keeping them joined to this suit will make resolution of Laika's claims against them more laborious for me.

In its response to the motion to dismiss, Laika points out that it has alleged that "'Defendants are an interrelated group of counterfeiters.'" ECF 96 at 2 (quoting ECF 1 at 2). Laika argues that the similarity of the moving defendants' products and that they appeared "nearly simultaneous[ly]" on Temu "point[s] to a common scheme or series of related transactions." ECF 96 at 3. And Laika notes that, while it has not yet been able to unearth a connection between the moving defendants in discovery, their behavior in this lawsuit has demonstrated one. The way that the moving defendants have jointly hired counsel and mounted a defense, maintains Laika, suggests coordination among the group. Finally,

4

Laika asserts, as conclusorily as the moving defendants (although Laika has the benefit of being correct), that keeping the moving defendants in the suit will benefit judicial economy.

Laika raised compelling arguments in its response to the motion to dismiss. Rather than filing a reply to those arguments according to the schedule I laid out two months ago, the moving defendants fell silent and thus turned in a forfeit. While the positions of the parties are reversed, the sentiment expressed by the Seventh Circuit a quarter century ago is evergreen:

> Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response is no response. In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so.

*Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999).

There is a question of law common to all the moving defendants (does selling a poster featuring Coraline, from *Coraline*, with "Coraline" emblazoned across it in the font from the movie *Coraline*, infringe Laika's copyright for *Coraline*?).[1] *Cf. Roadget*,

---

[1] Images of the alleged infringing products can be found in the continuously-paginated attachments to ECF 13 at 2612 (Cartoon Posters Local), 2749 (Home of Posters), 2773 (Personalized Decorative Painting), 2784 (NB Poster), 2864 (Very Beautiful Poster), 2936 (Dream Poster Gallery), 2963 (Yangguan Poster),

2024 WL 3338942, at *11 (finding no common question of law where each defendant was alleged to have violated a different copyright).

Likewise, Laika has plausibly asserted that the moving defendants are coordinating their actions such that their sales through Temu will present common questions of fact or evidence as well. The moving defendants have declined to contest those assertions. The fundamental question concerning joinder is "whether it makes sense for the parties and claims to be litigated in the same case," and here, it makes sense. *Bose Corp. v. Partnerships and Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 511, 513 (N.D. Ill. 2020). The instant motion is denied.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge
Dated: May 15, 2026

---

3003 (Chic Poster), 3006 (SKT Poster), 3095 (This Beautiful Poster), 3260 (Voguish Poster), 3263 (This Wonderful Poster), 3266 (Six Six Poster), 3269 (First Choice Poster).

6